Totten, J.,
delivered the opinion of the court.
The action is assumpsit, in the circuit court of Weakley, against Jeptha Gardner, as endorser of a bill of exchange. Pie pleaded in defence, first, non- assumpsit; second, that demand of payment was not made of the drawees of the bill. The verdict was in favor of the plaintiffs, and the defendant’s motion for a new trial being overruled, he has brought the record into this court for review by writ of error.
The case appears in the following state of facts : The bill was drawn at Hickman, Ky., February 16th, 1847, by John Johnson, on Johnson & Brigham, a commercial house at New Orleans, La., for $1500, payable at 90 days, to Fite & Dudley; *422 by them it was endorsed to defendant, and by defendant endorsed to the plaintiffs. A protest for non-payment of said bill was produced in evidence at the trial, from which it appears, that at the proper time, a notary public presented said bill to the “book-keeper of Johnson & Brigham, the drawees, at their counting-house, in New Orleans, and demanded payment thereof, and was answered, that the same could not be paid.” The protest does not say whether the drawees were present or absent. A witness, Venable, proved the same facts; and further, that he, the witness, was at the time a clerk in the house of said drawees at New Orleans; that the bill being-presented to him for payment, he referred the person presenting it, to the book-keeper and agent of said house, and that the said drawees were, at the time, absent from the city. To the admission of this testimony, and the protest, exception was taken and overruled. The endorsements on the bill of exchange are in blank, and were not filled at the trial.
It is now assigned for error: 1st. That the protest is, in itself, imperfect and insufficient.
2d. That it cannot be aided by extrinsic proof.
3d. That the endorsements on the bill being in blank, the title of the holder does not appear.
The exchange in question is to be considered and treated as a foreign bill, it being drawn in one of the United States, upon persons resident in another of the States. For the several States of the Union, having a separate and distinct municipal jurisprudence, are to be regarded in this respect, as foreign to, and independent of, each other. Buckner vs. Fenly, 2 Peter’s R., 590.
The bill of exchange being, therefore, a foreign bill, it can only be dishonored by protest, and proof aliunde, of the facts requisite to the validity of the protest, is inadmissible. Carter vs. Union Bank, 7 Humph. R., 550.
Now, the facts essential to a valid protest will appear by *423 considering its nature, and office. “It is a formal declaration against any loss to be sustained by the non-acceptance or tbe non-payment of tbe bill.” Story on Bills, § 276.
Or as Mr. Gbitty states it: It is tbe solemn declaration of a notary, who is a public officer, that a due presentment and dishonor have taken place, and all countries give credit to his certificate of the facts; and the mere production of the protest,'without further evidence of the signature or seal, will be evidence of the dishonor of the bill. Chitty on Bills, 455.
The material fact which dishonors the bill, is its non-pay - .ment, and it should therefore appear in the protest, that payment had been properly demanded. The time and place of the presentment for acceptance or payment, the demand and refusal, and the reason assigned, if any, are facts that should in general appear in the protest, as being essential to its validity, and of which it is the appropriate and exclusive evidence. The proof contained in the protest of a foreign bill cannot be supplied and superseded by another mode of proof, as by witnesses or otherwise.
The question made upon the protest in the present case, relates to the person of whom, and the place where the demand of payment was made. In regard to which we may observe, that where the place of payment is stated on the face of the bill, as at a bank, it will be sufficient to present the bill for payment at the place specified. In other cases, the general rule is, that the presentment may be made at the city, town or other place, where the acceptor has his domicil or house of business. If he be gone abroad, it will be sufficient to present the bill for payment at his counting-house, if it be open, or to his family at his house, or to any known agent to whom he has confided his business during his absence. Story on Bills, §351.
Now the bill in question was drawn on New Orleans, but no place of payment in that city is stated on the face of the *424 bill. It was presented at matnrity, by the notary at the counting-house of the drawees in the city of New Orleans, and payment there demanded of their book-keeper. This is the statement of the protest. It does not state that the drawees were absent; this fact appears, as we have seen, by other and extrinsic proof.
We do not think that the statement of this fact in the body of the protest, is essential to its validity. In the absence of the drawees, it was proper to make the demand of their clerk or agent, at their place of business; and because it was so done, it is to be presumed in favor of the protest, it being the, act of a public officer, that there was sufficient reason for so doing; that is, that the drawees were absent. This fact is merely a reason why the demand was properly made of the clerk, and if stated, would only have a tendency to show that proper diligence had been used in making the demand.
“The general principle is, that due diligence must be used to find out the party, and make the demand; and the inquiry-will always be, whether under the circumstances of the case, due diligence has been used.” 3 Kent, Lec. 44, p. 95.
The protest is not conclusive, but only evidence of such fae-ts as are proper to be stated in it; and it may be rebutted by other evidence, showing how the demand was made, or that proper diligence was not used to make it. We are of opinion, therefore, that the protest is quite sufficient, in the absence of opposing proof, to show that a proper demand was made. See also, Shed vs. Bret, 1 Pick. 413; Fields vs. Mallett, 3 Hawks, 465, where it seems to be held, that “going with the note or bill, to demand payment, to the place of business of the maker or acceptor, in business hours, if he is not found there, is enough, and dispenses with further effort.” Chitty on Bills, 366, note.
Whether in such case it might be necessary to make further- *425 inquiry for the party, is a question not material in the present case to be determined. See 7 Howard (Miss.) 244.
As to the objection that the blank endorsements were not filled at or before the trial, we do not think it material in a case like the present.
The action is against the last endorser only, and of course, between the immediate parties to that endorsement.
The defendant’s endorsement not being denied upon oath, is, in our practice,[to be taken as admitted; and it is not competent for him to deny the validity of his own title, at the time he negotiated the bill — that also is to be taken as admitted. 2 Greenl. Ev., § 164.
It is true, that defendant’s endorsement is in blank, but its eifect is to vest the title in the holder of the bill, for in such case the title passes by mere delivery. It is merely formal to fill the endorsement in an action between immediate parties, and if in strict law it was necessary, on special exception being taken at the trial, yet as no such exception was then taken, we think it should not be now entertained in virtue of a general exception merely. We cannot see that this exception involves in any degree, the justice or merits of the case.
The case of Whithead vs. Potter, 4 Ire. R., 266, referred to by counsel, was an action against two endorsers of a bill, and in a joint action against them, it was held that it was necessary to fill the first endorsement with the name of the second endorser, so as to enable him, by his endorsement, to give to the holder a right of action against the first endorser, because the action was not between the immediate parties to the first endorsement. This is not inconsistent with our judgment in the present case.
There being no error in the record, the judgment will be affirmed.