## Evans, in Error, *v.* Higdon.

1. LEVY ON PERSONALTY. *What sufficient to vest property in officer.* A levy which will vest the title of personal property in the officer, does not consist in writing out the levy on the process. He must take possession of the property either actually, or to something which amounts to the same thing.

2. SAME. *Same.* The mule in question was in the barn of the husband, which was locked, and the key in the custody of a negro servant who was hired on the farm. The husband being sick, the wife saw the officer, described the mule, told him where it was, and offered to procure for him the key. The officer declined to accept the key, but went to the barn, looked through the crack, and saw the mule; requested the wife to keep the mule for him, which she agreed to do, and then, or afterwards, wrote the levy on the attachment. The Circuit Judge told the jury that manual possession was ordinarily necessary; but if the property at the time was in the power of the officer, so he could have taken possession of it, but was in the possession of a third party who agreed to hold it for the officer, this would be sufficient.

*Held,* The charge, as applied to these facts, misled the jury, and were erroneous. The mule was in the husband's possession, and not that of the wife.

---

FROM GILES.

---

Appeal from the Circuit Court. J. G. WALLACE, Special Judge.

T. M. N. JONES for Evans.

BROWN & McCOLLUM for Higdon.

McFARLAND, Judge, delivered the opinion of the Court.

This is an action of replevin by Higdon, to re-

cover a mule, upon the following facts: The mules belonged to Clements, who had been renting a farm from Col. Gordon. He absconded, leaving the mule upon Gordon's farm. Rankin and others sued out an attachment from a Justice of the Peace. Higdon was deputed to execute the process. He went in company with Rankin to Col. Gordon's farm. They inquired of Mrs. Gordon if Clement had a mule there; she told them he did—that it was in the barn. The witnesses differ as to the details, but agree in substance. The mule was described to them by Mrs. Gordon, so they could distinguish it from other mules of Col. Gordon's, that were in the barn. The barn was locked, and the key at the time in the possession of a black boy hired at the place, and under the control of Mrs. Gordon, her husband being sick at the time. Mrs. Gordon proposed to get the key for Higdon and Rankin, but they decided it was not necessary. They went to the barn, some two hundred yards off; they could see through the cracks, and picked out the mule from the others, and, in the language of the witness, made the levy. But whether the endorsement was made on the attachment then, or when they returned to the village of Lynnville, is not certain. The stable-door was not unlocked, and they did not take actual possession of the mule. They informed Mrs. Gordon of what they had done, and requested her to keep the mule for Higdon, which she agreed to do. They then left, and in a few minutes another special deputy came with another attachment against

Evans, in Error, *v.* Higdon.

Clement—levied upon the mule, and took possession of it, getting the key from the boy Peter. They placed the mule in the possession of Evans. These are, in substance, the facts upon which Higdon's title is predicated. A levy by an officer which will vest the title of personal property in him, does not consist in writing out the levy on the process. He must take possession of the property either actually, or do something which amounts to the same thing. The Judge told the jury that manual possession was ordinarily necessary, but if the property at the time was in the power of the officer, so he could have taken possession of it, but was in the possession of a third party, who agreed to hold it for the officer, this would be sufficient. Assuming this to be correct, as an abstract proposition, we think the evidence does not sustain the verdict. We do not understand that Mrs. Gordon was in possession of the mule; it was in her husband's barn, and she might have controlled the boy Peter, who had the keys at the time; but neither in law or in fact do we think she was in possession. The proposition of the Judge, as applied to these facts, must have misled the jury, and renders, we think, the proposition erroneous. Actual possession, or that which amounts to it is necessary to vest the property in the officer.

Reverse the judgment.