Campbell, Sp. J.,
delivered the opinion of the court.
On the 6th day of April, it being one of the days of the March Term, 1867, of the Circuit Court of the- United States, for the district of West Tennessee, A. Vansyekle & Co. recovered judgment in that court against the defendant Samuel Kennedy and one William Shelly for the sum of $1,160.52. On April 17, 1867, Kennedy, who was a grocery merchant in Memphis, sold his stock of groceries to the defendant J. N. Patton, for the sum of $1,374.48, who executed his three notes for $458.16, due in two, four and six months. On April 15, an execution issued under the Eederal Court judgment, which came to the hands of the marshal, and on the 24th of the same month was levied upon the stock of groceries sold by Kennedy to Patton. On the 25th, Patton gave a delivery bond to the marshal for the forthcoming of the *609 property on July 20, 1867, the day fixed for the sale. The marshal returned the execution on the same day, making an inventory of the goods levied on, and the forthcoming bond a part of his return.
On April 24, 1867, complainant filed his attachment bill in the Chancery Court at Memphis, alleging that the defendant Kennedy was indebted to him in the sum of $616.17, due by notes and account, and that he was the owner of two notes of $458.16 each, executed by Patton to Kennedy in part payment of a stock of goods sold, or pretended to be sold by Kennedy to him, which sale or pretended sale, he charges, was made to defraud the creditors of Kennedy. He prayed for an attachment and injunction and general relief.
The defendants put in their several answers, denying all the material allegations of the bill, except the sale to Patton and the execution of the notes, but allege that the notes had been assigned to Kennedy before the filing of the bill, to secure certain debts due by him to several parties.
The attachment and injunction writs came to the hands of the sheriff of Shelby county on April 24, and were both executed on April 25, 1867. The attachment was, as appears from the return of the sheriff, levied upon a stock of groceries and produce in a house on the corner of Auction and Front streets, as the property of Samuel Kennedy, which appears from the proof to be the same property levied on by the marshal.
Nansyokle & Co. are not made parties to this bill. The validity of their judgment is not in question. *610 Nor is there any allegation or charge in the bill putting in issue the regularity or validity of the levy made by the marshal, on April 24, 1867.
The Federal Court execution was tested the first Monday in March, 1867, prior to the purchase by Patton, and was a lien upon the goods from that date until the delivery bond should become forfeited, which could not be, according to its terms until July 20, following. The property was therefore in the custody of the court at the time the attachment was levied. Malone v. Abbott, 3 Hum., 532; 2 Sneed, 93.
But it is insisted that the proof shows the Van-syckle execution was not in fact levied on the day stated in the marshal's return, but was levied on a subsequent day and ante-dated by the marshal, and that the property being seized by process from the State Court, the execution lien was displaced.
If it were conceded that the proof shows that the marshal's return was false, and that the attachment was levied before the execution, has the complainant by his pleadings, placed himself in position to avail himself of the fact? The bill was filed the same day the marshal returns the levy was made. Neither the execution creditor nor the marshal are made parties to the suit. There is no allegation or charge in the bill attacking the verity or bona fieles of the return. If the facts relied upon to establish it came to the knowledge of complainant after -the original bill was filed, he has not availed himself of it by filing an amended or supplemental bill putting the fact in issue. It is true, that if a marshal or sheriff makes a false *611 return by fraud and collusion with a party, or by mere mistake, a court of equity has jurisdiction to interpose and give appropriate relief. Ridgeway v. Bank of Tennessee, 11 Hum., 526. But the fact must be put directly in issue. The return of the officer being prima facie true, can only be overturned by satisfactory proof. And if the pleadings do not put the verity of the return in issue, it cannot be attacked collaterally either at law or in equity. In the state of the pleadings in this cause, the return of the marshal must be presumed to be true. Hence, it follows that the property attached by the sheriff was at the time in custodia legis, and not liable to seizure under process from the State Court. Brown v. Clark, 4 How., 4; Buck v. Colbath, 3 Wal., 334; Hogan v. Lucas, 10 Peters, 400; Taylor et al. v. Corrye, 20 How., 583; Malone v. Abbott, 3 Hum., 532; Dechrad v. Edwards, 2 Sneed, 93; Love v. Smith, 4 Yer., 117.
Taking this view of the case, the other questions' presented in the argument of the cause, are not necessary to be considered, and as the notes sought to be reached had been disposed of by Kennedy before the bill was filed, there is no further matter for litigation in this cause.
The decree of the Chancellor will be reversed, the bill dismissed, and the complainants required to pay the ‘ costs of this court and of the court below.