Connell v. Scott.

Z. F. CONNELL v. G. R. SCOTT, Administrator, etc.

1. ATTACHMENT. *Levy.* It is necessary, to constitute a valid levy, both in the case of an attachment and an execution, that the property levied upon must be present and within the control of the officer at the time of making the levy. Hence, where a levy of an attachment was made from a list of the property, and from information given by the debtor, but none of the property was present or within sight; *Held,* there was no valid levy of the attachment.

2. SAME. *Delivery bond.* The surety upon a delivery bond executed several days after the supposed levy, being led to sign the bond by the representation of the officer that a levy had been made, when, in fact, none was made, is not bound thereby.

Code cited: Secs. 3498, 3509, 774.

FROM ROBERTSON.

Appeal from Chancery Court. THOS. BARRY, Ch.

STARK & JUDD for plaintiff.

J. E. GARNER for defendant.

DEADERICK, J., delivered the opinion of the court.

It is alleged defendant's intestate, in his life-time, attached certain personal property of J. F. Connell, a son of complainant, and the complainant became surety with said J. F. on a bond executed for the delivery of the attached property.

This bill is filed by complainant to be released from said bond, on the ground that her signature was obtained thereto by the false and fraudulent representations of the officer having said attachment that he had duly levied the same on the property specified in the bond, when, in fact, he had not made any levy upon said property.

The facts connected with the levy, as proved by said J. T. Connell, are, in substance, that the officer met the said J. T. on his J. T.'s farm, in the road, fifty yards from the house, and had a list of the property of said J. T. then on the farm and in the house, consisting of live stock, oats, hay, household furniture,

Connell *v.* Scott.

etc., and from this list, and information given by said J. T., made his levy by making his endorsement upon the writ, the property being on the farm but not in the presence or sight of the officer. How or when the officer obtained this list, or what it contained, or what the information was given by said J. T. Connell to the officer, does not appear in the record. This officer was not examined as a wittness.

The Chancellor held that there was no levy upon the property attached, and that the officer had no authority to take a bond except to relieve from the attachment property upon which it had been actually and legally levied, and that there was no consideration to the complainant for signing said bond, and she was not bound thereby, and perpetually enjoined the complainant in the suit in which it was executed to institute any proceedings against complainant upon said bond, and defendant appealed.

It has been often held by this court, in the cases of the levy of an execution, that the property must be present, and within the control of the officer at the time of making the levy, otherwise his attempted levy is a nullity. Such possession, control, or interference with the property, it has been held, must be of such a character as would subject the officer to an action of tresspass, but for his having legal process.

But it is said that the rule applying to executions as between contesting creditors, and the rule in respect to attachments levied by the consent of the debtor, are different. The officer in the two cases may and does hold the title to the property by different rights.

The levy of the attachment creates a lien, but does not divest the title out of the owner, as the levy of an execution does. But what constitutes a levy in the one case or the other is a different question. In both cases it is necessary, to constitute a valid levy, that the officer should take the property levied upon into his possession; not that he should have it in actual manual possession, but present, and under his control.

The language of our statute, in directing the mode of executing the writ of attachment, is that "the officer to whom the writ is delivered shall attach and take into his possession," etc. Code, sec. 3498. See also Drake on Attachments, sec. 188.

After the property has been attached the defendant may replevy it by giving bond. Sec. 3509.

In view of these principles we are of opinion that the officer having the writ of attachment made no valid levy of it upon any of the property for the forthcoming of which the bond was executed. The son testifies that none of the property levied upon was present, or in sight. He says he supposes that it was somewhere on the farm, but some of it may not have been.

The officer was in the big road, where he seemed to have a list of the property, but did not go into the house, where the furniture was, or elsewhere on the farm to search for the other property, or ascertain if it was to be found.

Several days after the alleged levy the officer returned and took the delivery bond in question, the

son having sent for his mother to become his surety, and having, in the meantime, left the property in the undisturbed possession of the said J. T. Connell, telling the complainant, who was not present when the alleged levy was made, that he had levied this attachment on said property, whereupon she signed the delivery bond as surety for her son.

Without determining the question of the liability of J. T. Connell upon the bond, the complainant having been absent at the time of the alleged levy, and sent for several days afterwards to sign the bond, did so upon being told by the officer that a levy had been made, when, in fact, none was made, is not bound thereby. Nor do we think that sec. 774 of the Code applies to the facts in this case, because the officer never had possession of the property named in the bond, and the parties executing it did not receive any property from him upon the faith of such bond.

The result is that the decree of the Chancellor is affirmed.