**In re James Edward HOCKADAY, Sr., f/d/b/a C & H Equipment, Debtor.**

**MUNICIPAL EQUIPMENT MFG., INC., Movant,**

v.

**William L. NEWPORT, Trustee, Respondent.**

**Bankruptcy No. 392–10244.**

United States Bankruptcy Court, M.D. Tennessee.

July 13, 1994.

Randal S. Mashburn, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell, Nashville, TN, for William Lamar Newport, Trustee.

Isham B. Bradley, Franklin, TN, for Mun. Equipment Mfg., Inc.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether a judgment creditor's attempted prepetition levy on property of the debtor defeats the Chapter 7 trustee's hypothetical judgment lien creditor status under 11 U.S.C. § 544(a).[1] The trustee prevails because the creditor's levy was defective under Tennessee law. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

## I

On September 9, 1991, Municipal Equipment Mfg., Inc. obtained a $23,091.98 default judgment against this debtor in the Chancery Court for Wilson County, Tennessee. An Execution and Garnishment was issued by the Wilson County Clerk and Master on January 11, 1992. The handwritten "Sheriff's Return on Execution" is dated February 1, 1992, and recites that it was executed by serving "Jim Hockday" [sic] and "C & H Equipment and Rubber Products." No description of the property levied upon appears on, or is appended to, the Execution. The parties stipulate that the Wilson County Sheriff served the Execution and Garnishment on the debtor but did not remove or take physical custody of any property.

On December 3, 1992 Hockaday filed a Chapter 7 petition. The Chapter 7 trustee sold equipment that came into the bankruptcy estate and holds a portion of the proceeds.[2]

Municipal argues it had a properly executed, prepetition judgment lien on the debtor's equipment that continues as a lien on the proceeds held by the trustee. The trustee responds that Municipal's judgment lien is defective because of improper levy by the sheriff.

## II

■ Under Tennessee law a money judgment can be enforced through a writ of

1. 11 U.S.C. § 544(a) provides:

   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

2. At the time of Municipal's levy, the debtor was also in litigation with Peggy Hurt in the Wilson County Chancery Court. On November 27, 1991 that court ordered the liquidation of certain equipment owned by the debtor. However, the equipment remained in the debtor's possession. The equipment was ultimately sold by the Chapter 7 trustee and by agreed order in this bankruptcy case, a portion of the proceeds was paid to Hurt.

execution. Tenn.Code Ann. § 26–1–103. An execution is enforceable by a levy upon property of the judgment debtor. The sheriff or other officer to whom an execution is issued has 30 days to perform the levy and return the writ. Tenn.Code Ann. § 26–1–401 (Supp. 1993). The Tennessee case law considering the requirements for a valid levy is uniformly ancient and frequently unusual. *See, e.g., Steers v. Daniel,* 4 F. 587 (C.C.W.D.Tenn. 1880), *aff'd sub nom. Freeman v. Dawson,* 110 U.S. 264, 4 S.Ct. 94, 28 L.Ed. 141 (1884) (levy on cotton compress not abandoned during "epidemic of 1878"); *Evans v. Higdon,* 60 Tenn. 245 (1872) (levy upon mule made by peering through cracks of barn); *Shannon v. Erwin,* 58 Tenn. 337 (1872) (tender of deed to real property delayed nine years due to onset of Civil War); *Ethridge v. Edwards,* 31 Tenn. 425 (1852) (levy of execution upon a slave); *Wilson v. Bass,* 6 Tenn. 110 (1818) ("still" for making liquor subject to levy of execution).

■ The trustee argues that the sheriff failed to exercise sufficient control over the judgment debtor's property to effect a valid levy.[3] It is unnecessary to reach that question because the sheriff's return of execution is deficient on its face.

Tennessee law plainly requires that "[a] description of the property levied on, with the date of the levy, shall be endorsed upon or appended to the execution." Tenn.Code Ann. § 26–3–108. The published Tennessee opinions applying this requirement have all involved levies upon real property. *See, e.g., Lafferty v. Conn,* 35 Tenn. 220, 224–45 (1855) ("levy, to be valid, must be sufficiently de-

scriptive of property to be sold, to enable the purchaser to ascertain the nature and value of the thing he is buying"); *Brigance v. Erwin's Lessee,* 31 Tenn. 374, 378–80 (levy on real property void for inadequate description); *Porter v. Fine,* 1 Tenn.Cas. (Shannon) 21 (1848) (levy containing inadequate property description is "wholly inoperative and void"); *Huddleston v. Garrott,* 22 Tenn. 629, 631 (1842) (levy on "all the unsold land in a forty-thousand-acre tract is entirely vague, and ... void for uncertainty"); *Pound v. Pullen's Lessee,* 11 Tenn. 338, 339–40 (1832) (levy upon "eight thousand acres of land, lying in four tracts ... is bad, for its vagueness and uncertainty").

■ The statute makes no distinction between levies on realty and personalty. The policies that underlie the description requirement apply with equal force to personal property.[4] *See Lafferty,* 35 Tenn. at 224–25 (purpose of property description is to insure fair price at sale by enabling purchaser to determine value of property, and to prevent substitution of one piece of property for another); *Erwin's Lessee,* 31 Tenn. at 378 (description must be sufficient for purchasers to form an estimate of value and for sheriff to know what to convey); *Huddleston,* 22 Tenn. at 630 (uncertainty as to what is to be sold will result in unreasonably low prices at sale); *Pullen's Lessee,* 11 Tenn. at 340 (adequate description required to prevent "fraud, oppression, or ... unnecessary sacrifice of property," and to protect both debtor and creditor from speculative bids).

■ The absence of *any* property description on the sheriff's return of Munici-

---

**3.** Under Tennessee law, the mere notation of levy upon the writ of execution, known as a "pen and ink" levy, will not preserve a judgment creditor's rights in the property. *Steers v. Daniel,* 4 F. 587, 594 (C.C.W.D.Tenn.1880), *aff'd sub nom. Freeman v. Dawson,* 110 U.S. 264, 4 S.Ct. 94, 28 L.Ed. 141 (1884); *Evans v. Higdon,* 60 Tenn. 245, 246 (1872); *James v. Kennedy,* 57 Tenn. 607, 616 (1873). However, it is not necessary for the sheriff to seize and retain actual physical custody of the property. *Nighbert v. Hornsby,* 100 Tenn. 82, 86, 42 S.W. 1060, 1061 (1897); *Cornell v. Scott,* 64 Tenn. 595, 597 (1875). Instead, the levying officer "must assume dominion and control over [the goods] and [they] must be present or subject to his control." *Syler v. Denton,* 1 Tenn.Cas. (Shannon) 321, 324 (1874). Whether the officer's actions establish sufficient control is

a question of fact dependent, in part, on the nature of the property levied. *Steers,* 4 F. at 594.

**4.** Faced with a similar legal question, the Court of Appeals of Kentucky held that, although previous cases requiring adequate property descriptions "involved levies on real estate ... [p]ersonal property should [also] be described in the indorsement of the levy with particularity and distinctness." *W.E. Stephens Mfg. Co. v. Miller,* 429 S.W.2d 384, 387 (Ky.App.1968) (quoting 33 C.J.S. Executions § 105, p. 260). *See also In re Tennessee Forging Steel Corp.,* 1978 WL 4555 (Bankr.E.D.Tenn.1978) (applying Kentucky law). Other sources support this position. *See, e.g.,* 30 Am.Jur.2d, Executions § 566 p. 766 ("a designation, in the return, of personal property levied on, is essential to the validity of the levy").

pal's levy renders the levy void.[5] *See Lafferty,* 35 Tenn. at 224–25 (levy which was insufficiently descriptive held to be "void for uncertainty"); *Erwin's Lessee,* 31 Tenn. at 378–80 (levy which contained an inadequate description "void for uncertainty"); *Huddleston,* 22 Tenn. at 630–31 (levy containing "entirely vague" property description is void); *Pullen's Lessee,* 11 Tenn. at 339 (levy held to be "bad for its vagueness and uncertainty"). The Chapter 7 trustee's (perfect) judgment lien creditor status under 11 U.S.C. § 544(a) defeats Municipal's claim to the equipment proceeds.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that summary judgment is entered in favor of the defendant, William L. Newport, Trustee.

IT IS SO ORDERED.

---

**5.** Because there was no property description at all, it is not necessary to reach the question whether the detail required in the description is affected by the degree of possession and control exercised by the sheriff.